IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARRISH BRYANT GARVIN,

    Petitioner,                    No. CIV S-06-1202 FCD DAD P

    vs.

ROBERT A. HOREL, et al.,

    Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. No filing fee or an application requesting leave to proceed in forma pauperis has been submitted. In his petition, petitioner challenges a judgment of conviction entered by the Kings County Superior Court in 2002. Kings County is part of the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 3-120(d).

        Pursuant to Local Rule 3-120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. Therefore, this action will be transferred to the Fresno Division of the court. The court also notes that petitioner is subject to a vexatious litigant order. See Garvin v. Kings County, CIV F-00-5140 AWI LJO P, Order, filed 3-7-00. The court makes no ruling as to

1

whether this habeas action falls within the scope of that order or, if so, whether petitioner has complied with the requirements set forth in that order in filing this habeas action.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. This court has not ruled on whether petitioner has complied with the vexatious litigant order;

2. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno; and

3. All future filings shall reference the new Fresno case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

DATED: June 9, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
garv1202.109

---

[1] The habeas petition was inadvertently filed before being screened pursuant to the vexatious litigant order.

2